UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL D. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>CRYSTAL FLASH, ET AL.,<br><br>Defendants. | Case No. 2:24-cv-11640<br>Hon. Brandy R. McMillion |

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

This is a *pro se* civil rights case filed pursuant to 42 U.S.C. § 1983 by Plaintiff Michael D. Williams ("Williams") against his former employer Crystal Flash Co. ("Crystal Flash") and certain management employees, Craig Broekhuizen, Krinn Vandersloot, and Caitlyn Kozal (collectively, "Defendants"). ECF No. 1. Williams brings several claims for a race-based hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964, violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, violation of his Eighth Amendment right against Cruel and Unusual Punishment, and conspiracy to violate his rights under 18 U.S.C. § 241. ECF No. 1 at PageID.4-5, 13. He accuses Defendants of failing to address numerous incidents of harassment and assault

1

perpetrated by a co-worker and conspiring with each other and the Michigan Department of Civil Rights ("MDCR") to oppress his civil rights. ECF No. 1 at PageID.2. After reviewing the Complaint, the Court **SUMMARILY DISMISSES** Plaintiff's claims under the Fourteenth Amendment, Eighth Amendment, and 18 U.S.C. § 241, pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court finds that Williams has not alleged sufficient facts to state a claim for which relief can be granted.

## I.

Williams worked as a Tanker Truck Driver for Crystal Flash. ECF No. 1 at PageID.4, ¶¶ 1-2. He alleges that co-worker Kenny Walker (a black man), assaulted him (a white man) twice and harassed him 105 times over a span of 420 days. *Id.* at PageID.7, ¶ 9. The first assault allegedly took place on February 2, 2020, which was confirmed by an investigation of the Michigan Department of Civil Rights (MDCR). *Id.* at PageID.4, ¶ 3. However, the Complaint is devoid of specific details of the second assault. Williams claims to have "38 documented" harassing incidents through conversations, letters, and videos of the harassment, however he does not provide that list of documented incidents in its entirety anywhere in the Complaint or Exhibits. *See id.* at PageID.7, ¶ 9.

Williams contends that Crystal Flash protected Walker due to his race, resulting in violations of Plaintiff's Fourteenth Amendment rights to Equal Protection and Due Process and his Eighth Amendment right against Cruel and

Unusual Punishment. *Id*. at PageID.2. According to Williams, Crystal Flash's refusal to document the incidents "would expose the length of time the racial protection has been going on." *Id*. at PageID.4-5, ¶¶ 4-5.

Plaintiff further alleges that top-level management employees Krinn Vandersloot, Caitlyn Kozal, and Craig Broekhuizen (collectively, "Management") continuously conspired to ignore his reports of harassment, violating 18 U.S.C. § 241 (Conspiracy Against Rights). *Id*. at PageID.5, ¶ 6. He sent a letter on January 15, 2021, reporting five months of harassment, which he says Management ignored. *Id*. Williams claims Management took this letter and its contents and agreed that this letter would receive "'no attention,' meaning 'do not respond' to the plaintiff." *Id*. For instance, after sending a text on February 8, 2021, stating, "I don't feel safe coming to work anymore because this is leading up to something bad for me," he claims the Defendants intentionally failed to enforce his civil protections against a hostile work environment. *Id*. at PageID.8, ¶ 11. Williams specifically alleges that Management did not respond to his reports of Walker urinating on the truck's driver's side running board, furthering the hostile environment. *Id*. at PageID.8, ¶¶ 21-22. He believes the lack of response was part of a conspiracy to oppress his civil rights. *Id*. at ¶ 7. He makes an additional allegation that Crystal Flash threatened him with anger management classes if he continued reporting harassment, which he

3

also views as part of the conspiracy to oppress his rights. *Id*. at PageID.8, 16; ¶¶ 12, 25.

Williams further claims that the Defendants violated Title VII of the Civil Rights Act of 1964 by allowing Walker's harassing actions to continue, creating a hostile work environment, and later retaliating against him by refusing to let him work and subsequently terminating him. *Id*. at PageID.16, ¶¶ 25-26. In addition, Williams argues that the prolonged harassment amounted to "Surprise Mental Torture," which constituted cruel and unusual punishment, resulting from the company implementing a "racial protection policy" for Walker. *Id*. at PageID.17, ¶ 27 28.[1] Williams accuses Crystal Flash of "us[ing] 'race' to determine the disciplinary actions for their employees." *Id*. at PageID.17, ¶ 27.

Williams reported his complaints to the MDRC. *Id*. at PageID.2. However, he contends that the MDCR showed bias in their investigation. *Id*. He alleges that the MDCR waited 942 days to question the first witness and that their decision reflects clear bias due to their adoption of the Racial Equity Toolkit as company policy. *Id*. Williams claims this toolkit ensures outcomes favorable to certain races

---

[1] Walker uses the term "Surprise Mental Torture" to describe the harassment he allegedly endured, which he defines as being "harassed to the point where the harassment is certain, but you just don't know where, when, or how, and will I, or others get hurt." ECF No. 1 at PageID.4. This term is not a legal term of art nor is it an element of any of the Plaintiff's claims. The Court, therefore, will interpret this term as the Plaintiff's personal characterization of his experience rather than a legally defined or actionable term.

and argues that the MDCR collaborated with Crystal Flash to shield the company from consequences. *Id*. at PageID.3; 16-17, ¶¶ 26-27. He states that the MDCR's findings that "the company took appropriate actions" are incorrect and part of the broader conspiracy against his rights. *Id*. at PageID.13, ¶ 20.

Williams seeks substantial compensatory and punitive damages, asserting that the Defendants' actions constitute a violation of his federally protected rights. He requests $52,000,000 in compensatory damages and $100,000,000 in punitive damages. *Id*. The Court now reviews the sufficiency of Williams' claims and summarily dismisses his claims under the Fourteenth and Eighth Amendments and 18 U.S.C. § 241 for failure to state a claim upon which relief can be granted.

## II.

Pursuant to 28 U.S.C. § 1915, the Court has granted Plaintiff leave to proceed *in forma pauperis*. ECF No. 6. The Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Brooks v. Holstege*, No. 16-12501, 2016 WL 3667961, at *1 (E.D. Mich. July 11, 2016). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may dismiss a

claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *Neitzke*, 490 U.S. at 327.

Given that Williams is proceeding *pro se*, the Court must construe his pleadings liberally. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal. "The mandated liberal construction…means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-CV-1880-JFA-JDA, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)). "Nor may the Court "conjure up unpleaded facts to support conclusory allegations.'" *Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. UPS*, 90 F. App'x 860, 861 (6th Cir. 2004)).

A complaint doesn't need detailed factual allegations, but it must include enough facts to suggest a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Put differently, complaints must contain enough factual matter, taken as true, to suggest that the claim is plausible. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when the facts allow a

6

court to reasonably infer that the defendant is responsible for the alleged misconduct. *Iqbal*, 556 U.S. at 678.

To establish a federal civil rights claim, a plaintiff must show that they were deprived of a right, privilege, or immunity guaranteed by the federal Constitution or laws by someone acting under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

### III.

Williams raises various civil rights claims, and the Court will address each in turn.

**A. Title VII Claims**

To establish a hostile work environment claim under Title VII, a plaintiff must show that: (1) they belong to a protected class, (2) they were subjected to unwelcome harassment, (3) the harassment was based on race, (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment, and (5) his employer knew or should have known of the harassment and failed to take proper remedial action. *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 66-68 (1986); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993); *Phillips v. UAW Int'l*, 854 F.3d 323, 327 (6th Cir. 2017).

Williams, a white male, alleges that he was subjected to a hostile work environment by his black co-worker, Kenny Walker, over a period of 420 days. ECF

7

No. 1 at PageID.2. Williams alleges multiple incidents of harassment, including two assaults and numerous derogatory remarks, with 38 incidents documented through various means. ECF No.1 at PageID.7, ¶ 9. The Complaint fails to expand on each of the 38 documented incidents Williams speaks of. It does, however, allege that the first assault occurred on February 2, 2020. *Id.* at PageID.4, ¶ 3. Although the Plaintiff has alleged that a 2nd assault occurred during his employment at Crystal Flash, the Court is unable to discern sufficient information regarding that assault. These details, or lack thereof, are critical to the Court's determination of whether these allegations meet the legal standard for severe or pervasive harassment. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998) (explaining that harassment must be both objectively and subjectively severe or pervasive to alter employment conditions); *see also Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 733 (6th Cir. 2006) (finding that a single incident of harassment was insufficient to establish a hostile work environment "unless extremely serious"). The Court will therefore grant Williams leave to amend his complaint to include the additional detail if he so desires.

To establish a prima facie case of retaliation under Title VII, a plaintiff must demonstrate: (1) they engaged in protected activity, (2) the employer took an adverse employment action against them, and (3) there is a causal connection between the protected activity and the adverse action. *Burlington N. & Santa Fe Ry. Co. v. White*,

8

548 U.S. 53, 68 (2006); *Kirilenko-Ison v. Bd. of Educ. of Danville Indep. Sch.*, 974 F.3d 652, 664 (6th Cir. 2020) (finding that temporal proximity between the protected activity and adverse action can establish causation).

Williams asserts that after reporting the alleged harassment, he faced retaliation, culminating in his termination on March 25, 2021. ECF No. 1 at PageID.16, ¶¶ 25-26. He contends that Management ignored his complaints and threatened him with anger management classes if he continued to report harassment. *Id.* at PageID.8, 16; ¶¶ 12, 25. The EEOC's issuance of a right-to-sue notice potentially supports the plausibility of his Title VII claims. *Id.* at PageID.92. Given the allegations and the EEOC's right to sue notice, the Court finds that it cannot summarily dismiss Williams's hostile work environment and retaliation claims without a response from the defendants. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (establishing the burden-shifting framework for discrimination claims); *Fuhr v. Hazel Park Sch. Dist.*, 710 F.3d 668, 674 (6th Cir. 2013), *rev'd on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517 (2013) (applying the McDonnell Douglas framework to retaliation claims).

### B. Fourteenth Amendment Claims

Williams brings this §1983 action asserting violations of his Fourteenth Amendment rights to Due Process and Equal Protection, claiming that the Defendants' actions were discriminatory and deprived him of his constitutional

rights. ECF No. 1 at PageID.2. However, 42 U.S.C. § 1983 provides a remedy for deprivations of constitutional rights by individuals acting under color of state law. *See Nieves v. Bartlett*, 587 U.S. 391, 397 (2019) (discussing the purpose of 42 U.S.C. § 1983); *see also Flagg Bros., Inc.*, 436 U.S. at 156 (discussing the requirements for state action under 42 U.S.C. § 1983). Consequently, claims alleging violations of the Fourteenth Amendment apply to state actions, not private conduct. *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948); *see also Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (affirming that state action is required for Fourteenth Amendment claims).

Even in liberally construing the pleadings, Williams has not clearly articulated a § 1983 claim, and there is insufficient evidence to show that the Defendants were acting under the color of state law. To hold a private entity liable under the Fourteenth Amendment, a plaintiff must show that the entity's actions are reasonably attributable to the state. This can be done through the Public Function Doctrine, state compulsion, or a close nexus between the state and the private entity. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014) (applying the state action tests).

Williams argues that Crystal Flash acted as a state actor by adopting the MDCR's Racial Equity Toolkit. ECF No.1 at PageID.3; 16-17, ¶¶ 26-27. However, he does not provide facts sufficiently demonstrating that the state compelled or

significantly encouraged Crystal Flash's actions, nor does he show a close nexus between the state and Crystal Flash. ECF No.1 at PageID.3; 16-17, ¶¶ 26-27. Consequently, Williams fails to establish that Crystal Flash acted under color of state law. Therefore, the Court must dismiss the Fourteenth Amendment claims for failure to state a claim upon which relief can be granted. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (holding that private entities are not state actors without significant state involvement); *see also Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (finding that state regulation and funding alone do not transform private conduct into state action).

### C. Eighth Amendment Claims

The Eighth Amendment protects against cruel and unusual punishment, primarily in the context of criminal justice and punishment. *See Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (applying the Eighth Amendment to prison conditions); *Villegas v. Metro; Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013) (discussing the scope of the Eighth Amendment protections). Williams's allegations pertain to workplace harassment and employment actions by a private employer, which do not fall under the purview of the Eighth Amendment. ECF No. 1 at PageID.2. The Eighth Amendment is inapplicable to those claims, and the Court must dismiss it for failure to state a claim. *See Ingraham v. Wright*, 430 U.S. 651, 664 (1977) (limiting the Eighth Amendment to criminal punishment).

### D. Claims Under 18 U.S.C. § 241

Williams also alleges a conspiracy to violate his civil rights under 18 U.S.C. § 241. ECF No. 1 at PageID.5, ¶ 6. This statute is a criminal provision and does not provide a private right of action for individuals to seek civil remedies. *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (affirming the dismissal of 18 U.S.C. § 241 claims due to the lack of a private right of action). Additionally, Williams does not allege sufficient facts to support a claim that the defendants acted in concert with state actors to violate his rights. ECF No. 1 at PageID.5, ¶ 6. The mere involvement of the MDCR in investigating the Plaintiff's complaints does not transform Crystal Flash Co.'s actions into state actions. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982) (finding no state action where a private school fired a teacher). Therefore, the Court must dismiss Williams's 18 U.S.C. § 241 claim for failure to state a claim for which the Court can grant relief. *Oguaju*, 76 F. App'x at 581.

### E. Racial Protection Policy

Finally, Williams alleges that Crystal Flash implemented a "racial protection policy" to shield Walker from the consequences of his actions due to his race. ECF No. 1 at PageID.4-5, ¶¶ 4-5. This alleged policy purportedly led to the refusal to document harassment incidents and the protection of Walker at Williams's expense. ECF No. 1 at PageID.7, ¶ 9. Without further evidence, the assertion of a racial

12

protection policy does not independently support a viable claim under the Fourteenth Amendment, Eighth Amendment, or 18 U.S.C. § 241. The Court can, however, consider these allegations within the broader context of the Plaintiff's Title VII claims to determine if they contribute to the plausibility of a hostile work environment and retaliation.

## IV.

Based on the analysis above, Plaintiff fails to state claims under the Fourteenth and Eighth Amendments and 18 U.S.C. § 241 for which relief can be granted.

Accordingly, Plaintiff's Fourteenth Amendment, Eighth Amendment, and 18 U.S.C. § 241 claims are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B).  The Title VII hostile work environment and retaliation claims are not summarily dismissed at this stage and require further factual development.  The Court will grant leave for Plaintiff to supplement the factual support of the Title VII claims, if he so desires.

**IT IS SO ORDERED.**

Dated: July 25, 2024                                         s/Brandy R. McMillion
                                                                              BRANDY R. MCMILLION
                                                                              U.S. District Judge