UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DEAN WILLIAMS,

      Plaintiff,

                                 Case No.: 24-cv-11640

v.                           Honorable Gershwin A. Drain

CRYSTAL FLASH CO., *et al*.,

      Defendants.
_____/

## ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE RESPONSE [#50] AND DENYING MOTION TO STAY PROCEEDINGS [#52]

### I.    INTRODUCTION AND PROCEDURAL BACKGROUND

Pro se Plaintiff Michael Dean Williams filed the instant Title VII hostile work environment and retaliation case on June 25, 2024. Before the Court could hold a Scheduling Conference in this matter, Plaintiff filed 9 motions with the Court. On November 7, 2024, the Court entered an Order denying the majority of Plaintiff's Motions. ECF No. 41.

On November 19, 2024, Plaintiff filed a Motion for the Appointment of Counsel. On November 21, 2024, this Court denied Plaintiff's Motion for the Appointment of Counsel. ECF No. 48. Also, on November 21, 2024, this Court

entered a Scheduling Order with Initial Disclosures due by December 4, 2024,[1] and a discovery deadline of July 2, 2025. On December 16, 2024, Plaintiff filed a Notice of Appeal of this Court's November 21, 2024 Order Denying Plaintiff's Motion for the Appointment of Counsel.  ECF No. 51.

Contemporaneously with his Notice of Appeal, Plaintiff also filed a Motion to Stay the Proceedings Until the Appeal Process has Concluded, which is presently before the Court.  ECF No. 52.  Also before the Court is Plaintiff's Motion for an Extension of Time to File Response to this Court's November 7, 2024 and November 21, 2024 Orders.  For the reasons that follow, the Court will grant Plaintiff's Motion for an Extension of Time to File a Response and will deny Plaintiff's Motion to Stay Proceedings.

## II.    LAW & ANALYSIS

First, Plaintiff seeks a stay of the instant proceedings pending the outcome of his appeal.  Here, the Court concludes that there is no basis to stay these proceedings because Plaintiff's appeal lacks merit.  In determining whether to grant a stay, the court must balance four interrelated factors:  "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2)  the likelihood that the moving party will be irreparably harmed absent a stay; (3) the

---

[1] Defendant represents that Plaintiff has yet to serve Defendant with his Initial Disclosures.

prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *In re Flint Water Cases*, 960 F.3d 820, 825 (6th Cir. 2020). Here, Plaintiff cannot establish a likelihood of success on the merits because his appeal is not properly before the Sixth Circuit Court of Appeals at this stage of the case.

"An order denying a motion for the appointment of counsel is not final and appealable[,]" therefore, the Sixth Circuit Court of Appeals lacks jurisdiction over Plaintiff's appeal. *Suttles v. Roberts*, No. 89-5413, 1989 U.S. App. LEXIS 8674 (6th Cir. Jun. 15, 1989); *see also Henry v. City of Detroit Manpower Dept.*, 763 F.2d 757, 763 (6th Cir. 1985). Even if Plaintiff could appeal the denial of his motion for the appointment of counsel, he still would not be able to demonstrate a likelihood of success on the merits because he has not shown that extraordinary circumstances warrant such appointment. *See Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)(holding that absent extraordinary circumstances, district courts shall "not appoint lawyers for indigent [litigants] in civil rights cases."); *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993)("there is no constitutional right to the appointment of counsel in civil cases.").

Plaintiff first argues that he is not qualified to understand the complexity of the legal issues involved in the case without the appointment of counsel. ECF No. 52, PageID.614. But a pro se litigant's lack of legal training does not justify the

3

appointment of counsel.  *See Howard v. Dougan*, No. 99-2232, 2000 U.S. App. LEXIS 15574 (6th Cir. Jun. 23, 2000).  This does not amount to an extraordinary circumstance warranting the appointment of counsel.

Next, Plaintiff asserts he has no resources to get through the litigation process without the assistance of court-appointed counsel.  ECF No. 52, PageID.617.  However, Plaintiff's indigence does not rise to the level of an extraordinary circumstance warranting the appointment of counsel.  *Harrison v. Oliver*, No. 2:23-cv-10655, 2023 U.S. Dist. LEXIS 149219, at *6 (E.D. Mich. Aug. 24, 2023) (noting that factors such indigency, imprisonment, and that the expertise of an attorney would help a plaintiff litigate a case "do not constitute extraordinary circumstances.").

Plaintiff further argues that this case is more complex than the normal civil rights case.  In support of this argument, Plaintiff relies on several factual allegations supporting his claims.  These allegations describe typical claims of workplace harassment and retaliation.  This case involves a single plaintiff and a single employer.  Plaintiff does not assert the need for extensive electronic discovery, the unavailability of witnesses, or any other factor that might elevate this case above the norm.  This argument also fails to establish an extraordinary circumstance warranting the appointment of counsel.

4

Next, Plaintiff maintains that he will be irreparably harmed absent the appointment of counsel because he will make mistakes that may lead to an adverse outcome in this litigation.  However, the Court notes that Plaintiff has declined to take advantage of assistance offered by the University of Detroit Mercy School of Law's Pro Se Clinic.  Plaintiff therefore cannot demonstrate irreparable harm.  *See Med-Care Diabetic & Med. Supplies, Inc. v. Strategic Health Alliance II, Inc*., No. 2:14-cv-082, at \*16 (S.D. Ohio Jan. 29, 2014 ) (holding that self-inflicted harm does not constitute irreparable harm).

Finally, contrary to Plaintiff's claim, Defendant will be substantially harmed by a stay of proceedings.  Plaintiff was terminated on March 25, 2021–more than three and a half years ago.  The longer proceedings are delayed, the higher the risk of spoilation of evidence, failed memories, or witness unavailability.  *See In re Flint Water Cases*, No. 5:16-cv-10444, 2019 U.S. Dist. LEXIS 195714 (E.D. Mich. Nov. 7, 2019).

For all of these reasons, Plaintiff's Appeal lacks merit.  Given that Plaintiff cannot demonstrate a likelihood of success on the merits, the Court need not consider the remaining stay factors.  *Tiger Lily, LLC v. United States HUD*, 992 F.3d 518, 524 (6th Cir. 2021).  Plaintiff's motion for a stay of these proceedings is denied.

5

Plaintiff also moves for an extension of time to respond to this Court's November 7, 2024 and November 21, 2024 Orders.  The Court finds that Plaintiff has established good cause for an extension.

Accordingly, Plaintiff's Motion to Stay [#52] is DENIED.

Plaintiff's Motion for an Extension of Time to Respond [#50] is GRANTED.  Plaintiff may file a Response/Motion for Reconsideration no later than January 30, 2025.

Plaintiff SHALL comply with the scheduling order dates set forth in this Court's November 21, 2024 Scheduling Order, including serving Defendant with his Initial Disclosures. Plaintiff's Initial Disclosures are due to Defendant no later than January 30, 2025.  Any future failure to comply with this Court's Scheduling Order or any other order of this Court may result in the imposition of sanctions, up to and including dismissal of this action.

SO ORDERED.

Dated:  January 16, 2025                         /s/Gershwin A. Drain
                                                 GERSHWIN A. DRAIN
                                                 United States District Judge

6

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Michael Dean
Williams, 50018 Degas, Chesterfield, MI 48051 on
January 16, 2025, by electronic and/or ordinary mail.

/s/ Marlena Williams

Case Manager