UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DEAN WILLIAMS,

Plaintiff,

Case No.: 2:24-cv-11640

v.                                              Hon. Gershwin A. Drain

CRYSTAL FLASH CO.,

Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTIONS [ECF Nos. 57, 65-69, 71-72, 75-77, 84, 86 AND 89], GRANTING PLAINTIFF'S MOTION TO WITHDRAW [ECF NO. 70], GRANTING DEFENDANTS' MOTION TO COMPEL AND TO EXTEND SCHEDULING ORDER DATES [#91], AMENDING SCHEDULING ORDER AND SETTING NOVEMBER 6, 2025 STATUS CONFERENCE**

## I.     INTRODUCTION

Plaintiff, Michael Dean Williams, proceeding *pro se*, brings this Title VII retaliation and hostile work environment action against his former employer, Defendant Crystal Flash Co. and several management employees at the company. Presently before the Court are sixteen motions filed by the Plaintiff. Also, before the Court is the Defendant's Motion to Compel and to Extend Scheduling Order Dates.

These motions are fully briefed.  Upon review of the parties' filings, the Court concludes that oral argument will not assist in the resolution of these matters. Accordingly, the Court will resolve the present motions on the briefs.  *See* E.D. Mich. L.R. 7.1(f)(2).  The Court will deny all of Plaintiff's present motions, except for his Motion to Withdraw his Motion to Voluntarily Dismiss the Individual Defendants and the Court will grant Defendant's Motion to Compel and to Extend the Scheduling Order Dates.

## II.    <u>FACTUAL BACKGROUND</u>

Plaintiff filed his Complaint on June 25, 2024, alleging claims under the Eighth and Fourteenth Amendments, Title VII of the Civil Rights Act of 1964, and criminal conspiracy under 18 U.S.C. § 241.  On July 25, 2024, the Court *sua sponte* dismissed Plaintiff's claims under the Eighth and Fourteenth Amendments because Defendants are not state actors.  ECF No. 9, PageID.123-125.  The Court also dismissed Plaintiff's claim of criminal conspiracy because 18 U.S.C. § 241 is a criminal statute that does not provide for a private cause of action.  *Id*., PageID.126.

After this Court issued its July 25, 2024 Opinion and Order, Plaintiff filed nine motions, including two motions for summary judgment.  On November 7, 2024, the Court denied all of Plaintiff's motions, except for Plaintiff's request for

additional time to file a Motion for Relief from Judgment, which was also denied by this Court.  *See* ECF No. 41.

On November 6, 2024, the parties appeared for a Status Conference.  At the conference, the Court set November 20, 2024 for a scheduling conference.  The Court further advised the parties to work together to craft a Rule 26 discovery plan. Subsequent to the conference, the Court's staff member informed Plaintiff about the Federal Pro Se Legal Assistance Clinic located on the seventh floor of the courthouse and directed Plaintiff to the Clinic's location.  On November 18, 2024, Defendants submitted a Rule 26 discovery plan indicating that they could not file a Joint Rule 26 discovery plan because "Plaintiff has refused to engage with counsel for Defendant[s] in preparing" a plan.  ECF No. 45, PageID.587-588.  Plaintiff also refused to accept assistance from the Clinic.  *Id*.

Plaintiff failed to appear for the November 20, 2024 scheduling conference. Thereafter, the Court issued an Order Following Plaintiff's Failure to Appear for the November 20, 2024 Scheduling Conference.  *Id*.  The Court's November 21, 2024 Order held in pertinent part:

> Plaintiff is HEREBY WARNED that he must appear for all Court proceedings in this matter.  If Plaintiff has a scheduling conflict or seeks an adjournment, he must so notify the Court, in writing, well in advance of the hearing or conference.  Plaintiff is also WARNED that any future failure to appear as scheduled may result in sanctions, up to

3

and including an award of attorney's fees to defense counsel, and dismissal of his case for failure to prosecute.  Plaintiff is also WARNED that failure to cooperate with defense counsel with respect to the discovery process or failure to comply with the Federal Rules of Civil Procedure or the Court's local rules may also result in the imposition of sanctions.

*Id.*, PageID.589.  The Court also entered a Scheduling Order on November 21, 2024, requiring the exchange of Initial Disclosures by December 4,2024, Witness and Exhibit Lists by March 3, 2025, and setting a discovery cutoff date of June 2, 2025.

On April 21, 2025, Defendant served discovery requests, including interrogatories, requests for production and a deposition notice on Plaintiff. On May 20, 2025, counsel reached out to Plaintiff to inquire if Plaintiff anticipated any problems with complying with the deadline, as well as to schedule Plaintiff's remote deposition.  Plaintiff responded that he would wait for the Court's decision on his Motion for Reconsideration before responding to Defendant's discovery requests or appearing for a deposition. To date, Plaintiff has not served his Initial Disclosures, Witness or Exhibit Lists and has refused to schedule his deposition.

### III.   LAW & ANALYSIS

#### A.  Plaintiff's Motions

##### 1.   Motions to Amend Complaint (ECF Nos. 66, 71, 75 and 77)

4

As an initial matter, the Court denotes that between April 15, 2025, and April 29, 2025, Plaintiff filed four Motions to Amend his Complaint. In his first motion to amend, he seeks to add a claim under 42 U.S.C. § 1981. In Plaintiff's second motion to amend, he seeks again to add a claim under § 1981, but also seeks to include a claim pursuant to 42 U.S.C. § 1985. In his third motion to amend, Plaintiff seeks to add his former co-worker, Kenny Walker, to this action. In Plaintiff's fourth motion to amend, Plaintiff again seeks to add Kenny Walker as a Defendant. The Court advises Plaintiff that he should not continuously file repetitive motions. Should Plaintiff continue to file repetitive motions raising the same issue, the Court will strike his repetitive motions. Moreover, Plaintiff is cautioned that litigants who abuse the judicial process may be subject to sanctions, including reasonable restrictions to court access. *See Ross v. Portfolio Recover Assocs., LLC*, No. 24-cv-00208, 2024 U.S. Dist. LEXIS 187241 (E.D. Tenn. Aug. 26, 2024).

Federal Rule of Civil Procedure 15 governs amendment of pleadings. Rule 15(a) is intended to "enable a party to assert matters that were overlooked or were unknown at the time the original complaint or answer was interposed." *Iron Workers Local No. 25 Pension Fund v. Klassic Services, Inc.,* 913 F. Supp. 541, 543 (E.D. Mich. 1996). Leave to amend should only be denied where "there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 519 (6th Cir. 2001). A claim is futile if it cannot

5

withstand Rule 12(b)(6) scrutiny. *See Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005).

Plaintiff seeks to amend his Complaint to add a claim for race discrimination and retaliation under 42 U.S.C. § 1981. Defendant argues Plaintiff's proposed § 1981 claim is time barred by the applicable statute of limitations, thus amendment to add a § 1981 claim should be denied because the claim is futile and would not withstand a Rule 12(b)(6) motion to dismiss. In *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), the Supreme Court held that a §1981 cause of action is "governed by [a] four-year statute of limitations." *Id.* at 382. The statute of limitations begins to run "at the time of the discriminatory act, not the point at which the consequences of the act become painful." *Grain v. Trinity Health*, 431 F. App'x 434, 439 (6th Cir. 2011) (citing *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)).

Here, Plaintiff seeks to add a claim under § 1981 based on his March 25, 2021 termination, and other purported unconstitutional acts occurring prior to his termination. As such, Plaintiff's claim for relief under § 1981 should have been filed no later than March 25, 2025, but Plaintiff did not seek to add his § 1981 until April 15, 2025. Thus, Defendant argues Plaintiff's § 1981 claim is time-barred. However, Defendant fails to acknowledge that Plaintiff's proposed § 1981 claim relates back to the original Complaint and is permissible under Rule 15(c)(1)(B).

Because Plaintiff's proposed § 1981 claim is based on the same facts as those present in his original Complaint, his § 1981 claim relates back to the date of the original pleading–June 25, 2024.  As such, Plaintiff's proposed § 1981 claim is not futile based on the applicable statute of limitations.

However, Plaintiff's request to amend his Complaint to assert a § 1981 claim against Kenny Walker at this stage is not permitted under Rule 15(c)(1)(B).  *See Asher v. Unarco Material Handling, Inc*., 596 F.3d 313, 318 (6th Cir. 2010) ("Rule 15(c)(1)(B) allows relation back of an amendment asserting a 'claim or defense,' but it does not authorize the relation back of amending a new *party*")(emphasis in original) (*quoting In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991)).

Defendant further argues that Plaintiff's § 1981 claim is futile because he fails to allege the existence of a contractual relationship with the Defendant.  Title 42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts" regardless of race.  42 U.S.C. § 1981(a).  The statute defines the phrase "make and enforce contracts" to "include[] the making, performance modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id*., § 1981(b).

"The two major elements of a successful § 1981 claim follow the statute's language." *Williams v. Richland County Children Servs*., 489 F. App'x 848, 851 (6th Cir. Jul. 13, 2012). "First, the plaintiff must possess some contractual right that the defendant blocked or impaired." *Id.* (citing *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) ("Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship."). "Second, the plaintiff has to demonstrate that racial discrimination drove the decision to interfere with these contractual rights." Race discrimination claims brought under § 1981 are analyzed under the same framework as race discrimination claims brought under Title VII. *Id.* at 851-52 (citing *Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir. 2001)).

Here, Plaintiff fails to allege that he and Crystal Flash have a contractual relationship. He merely alleges in his Complaint that he was hired by Defendant. This fact alone does not equate to the existence of a contractual relationship. As such, his proposed § 1981 claim is futile because it could not withstand a Rule 12(b)(6) motion to dismiss. *See Domino's Pizza, Inc*., 546 U.S. at 479-80 (noting a plaintiff cannot state a claim under § 1981 "unless he has (or would have) rights under the existing (or proposed) contract that he wishes to make or enforce.")

(internal quotations omitted).   Plaintiff's request to amend his Complaint to assert a § 1981 claim, including his request to add Kenny Walker to his proposed § 1981 claim, will be denied because these amendments would be futile.

As to Plaintiff's Motion to Amend seeking to add a claim under 42 U.S.C. § 1985(3), this claim is time-barred under the applicable statute of limitations and application of the relation back doctrine will not render the claim timely filed. Because § 1985 does not provide for a statute of limitations, federal courts borrow the analogous limitations from the forum state. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).  Claims filed under § 1985 are subject to a three-year statute of limitations. *See Zeigler v. Michigan,* No. 99-2126, 2000 U.S. App. LEXIS 23681, at*3 (6th Cir. 2000).  Thus, Plaintiff needed to file his § 1985 claim no later than March 25, 2024.  Moreover, Plaintiff cannot rely on the relation back doctrine to save his untimely § 1985 claim because his claim was already untimely when he initiated this action on June 25, 2024.  As such, Plaintiff's request to amend his Complaint to add a claim under § 1985 will also be denied because amendment would be futile.

For all of the foregoing reasons, Plaintiff's Motions to Amend will be denied.

### 2. Motions Related to Voluntary Dismissal of the Individual Defendants (ECF Nos. 65, 70)

On April 11, 2025, Plaintiff moved to voluntarily dismiss the individual Defendants.  On April 21, 2025, before Defendants filed their Response, Plaintiff filed a Motion to Withdraw his Motion for Voluntary Dismissal of the Defendants. The Court will deny as moot Plaintiff's Motion for Voluntary Dismissal and grant Plaintiff's Motion to Withdraw. Defendants' Response does not address Plaintiff's Motion to Withdraw in any meaningful manner.

### 3. Motions to Change Venue (ECF Nos. 84, 86 and 89)

Plaintiff has filed three motions related to his request to transfer this case pursuant to 28 U.S.C. § 1404(a) to the Port Huron courthouse, located within the Southern Division of the United States District Court for the Eastern District of Michigan.  Plaintiff's request to transfer this action under § 1404(a) is misplaced for several reasons.  As an initial matter, § 1404(a) allows the district court to transfer an action "[f]or the convenience of the parties and witnesses [or] in the interests of justice . . . to any *other district or division* where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a) (emphasis supplied).

Here, Plaintiff seeks to transfer this case to another courthouse in the same division and district as the Detroit courthouse, thus § 1404(a) provides this court

with no authority to transfer this matter.  Moreover, this Court's local rules requires

that Plaintiff litigate this case in the Detroit courthouse.  See E.D. Mich. L.R.

83.10(b)(3).  Additionally, there is no federal district court judge currently sitting in

the Port Huron courthouse.  Finally, Plaintiff does not even attempt to address

whether transfer is warranted for the convenience of the parties. The parties to this

matter likely reside near the place that the events giving rise to this action

occurred—Romulus, Michigan—rather than nearly eighty miles north near the Port

Huron courthouse.  The gist of Plaintiff's request for transfer is his dissatisfaction

with the undersigned previous ruling's in this case. Plaintiff argues that this Court

is biased because it has denied his previous motions to amend the Complaint.  That

is not a proper basis upon which to seek transfer even if Plaintiff sought transfer to

a different division or district.

Plaintiff's claims of bias are without merit.  Plaintiff argues the undersigned

has demonstrated bias by denying his motions to amend the Complaint.  Contrary

to Plaintiff's assertions, the Court did not misrepresent his claims nor deny him an

opportunity to substantiate his VII claims. First, the Court's paraphrasing of

Plaintiff's allegations that he suffered "numerous derogatory remarks" and

"harassing incidents" are fair characterizations of Plaintiff's allegations.  Plaintiff's

allegations discuss verbal threats, assaults, and 105 harassments that were ignored

by management.  Plaintiff appears to believe the Court's characterization has

converted his claim to one alleging a hate crime. The Court's Order properly characterized Plaintiff's VII allegations.

Moreover, the purpose of the Complaint is to delineate the scope of a plaintiff's claims. Fed. R. Civ. P. 8(a). The Court likewise did not show bias by precluding Plaintiff from attaching exhibits to his proposed amended complaint. The Court's Order does not prevent Plaintiff from introducing this exhibit at an appropriate time, such as during discovery, on a motion for summary judgment or at trial.

For all of these reasons, Plaintiff's Motions to Transfer Venue are denied.

### 4. Motion to Clarify November 7, 2024 Order (ECF No. 67)

Next, Plaintiff moves for the Court to clarify its November 7, 2024 Order. Specifically, Plaintiff argues "[i]t's very important to know what's off limits through discovery and what about amendments that are going to be allowed." ECF No. 67, PageID.753. Plaintiff fails to identify which portion of the 15-page Order requires clarification. The Court's November 7, 2024 Order expressly stated that Plaintiff's request to amend was denied and advised Plaintiff to familiarize himself with the Federal Rules of Civil Procedure and the Court's local rules, which would give him a "better understanding of the litigation process." ECF No. 79, PageID.962. Plaintiff's questions regarding discovery rules can be answered by

reviewing the rules cited by the Court in its November 7, 2024 Order.  For the

foregoing reasons, Plaintiff's Motion to Clarify will be denied.

### 5.  Plaintiff's Motion Challenging Michigan Department of Civil Rights Decision to Dismiss as Invalid (ECF No. 68)

Plaintiff also requests that the Court "rule the MDCR's DISMISSAL of the

plaintiff's Hostile Work Environment was never dismissed, and a red herring was

created by MDCR investigator/attorney Ms. Valerie Barkley . . . ."  ECF No. 68,

PageID.773.  This motion will be denied.  As an initial matter, neither the

Michigan Department of Civil Rights nor its employee are parties to this lawsuit.

Moreover, even if they were parties to this lawsuit, they would be immune from

suit pursuant to the Eleventh Amendment.  *See Williams v. Michigan*, No. , 2024

U.S. Dist. LEXIS 232198 (E.D. Mich. Dec. 23, 2024).  Moreover, the state of

Michigan has set forth the process for challenging its decisions, which does not

include relief from this Court.  *See* MICH. COMP. LAWS § 16.575 *et seq*.  For all of

these reasons, Plaintiff's Motion Challenging Michigan Department of Civil Rights

Decision to Dismiss as Invalid will be denied.

### 6.  Plaintiff's Motion for Discovery Assistance (ECF No. 69)

Plaintiff requests that the Court order the Defendants to pay for his

discovery expenses, particularly deposition costs because of his indigent status.

This motion will also be denied. "[N]either Defendant[] nor this Court are required

to pay for Plaintiff's discovery costs." *Perotti v. Marlberry*, No. 05-60172, 2018 U.S. Dist. LEXIS 175402, at *2 (E.D. Mich. Oct. 12, 2018). While [p]ro se litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure[,] . . .this court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)." *Id*. Finally, Plaintiff presents no justification for permitting more interrogatories than the 25 permitted by Rule 33 of the Federal Rules of Civil Procedure. Accordingly, this motion is denied.

### 7. Plaintiff's Motion to Enforce Court Rules and Compel Compliance with Court Procedure (ECF No. 83)

Plaintiff's Motion to Enforce Court Rules and Compel Compliance with Court Procedure rests on the faulty premise that the Defendant's attorney engaged in *ex parte* communications with the Court. To the contrary, Defendant's attorney contacted the undersigned's case manager and requested a Status Conference via email correspondence with Plaintiff copied on the email correspondence. As such, there were no *ex parte* communications with the Court. This motion is also denied.

### 8. Plaintiff's Motions for Reconsideration and Motin to Correct the Record of Hon. Judge McMillion's and Hon. Judge Drain's Rulings (ECF Nos. 57, 72 and 76)

Plaintiff's Motions for Reconsideration and Motion to Correct the Record challenge this Court's November 7, 2024 Order and November 21, 2024 Order. *See* ECF No. 41. Plaintiff argues the Court erred in denying his motions for

summary judgment, and by "reversing a decision" of another district judge on this Court.  Plaintiff also appears to argue the Court erred in denying his stay because he requires the appointment of counsel.  Similarly, Plaintiff argues this Court erred in denying his request for the appointment of counsel in its November 21, 2024 Order.

Plaintiff's motions for reconsideration and motion to correct the record lack merit or any basis in fact.  They are procedurally improper because they are untimely under the Court's local rules and the Federal Rules of Civil Procedure because Plaintiff did not file them until January 31, 2025 and April 21, 2025.

Moreover, Plaintiff presents arguments outside of the grounds permitted for filing a motion for reconsideration, which are "disfavored" by this Court.  *See* E.D. Mich. L.R. 7.1(f)(h)(2)(permitting motions for reconsideration only on the following grounds:  mistake, an intervening change in controlling law, or new facts warrant a different outcome that could not have been discovered with reasonable diligence before the prior decision).  Plaintiff does not identify any mistake, or change in the law or facts as required by E.D. Mich. L.R. 7.1(f)(h)(2).  Rather, he regurgitates previous arguments already presented in his previous filings. "Motions for reconsideration are not an appropriate forum for rehashing previously rejected arguments . . . ."  *Cisse v. Gonzales*, 255 F. App'x 971, 975 (6th Cir. 2007).

For these reasons, Plaintiff's Motions for Reconsideration and Motion to Correct the Record will be denied.

### B.   Defendants' Motion to Compel Discovery and to Extend Scheduling Order Dates (ECF No. 91)

Rather than engage in discovery as directed by this Court's November 21, 2024 Order, the Scheduling Order entered on the same day, and Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff has filed fifteen meritless motions and two frivolous appeals of this Court's non-final orders.

**This is Plaintiff's final warning.  Failure to comply with this Court's Orders will result in the imposition of sanctions, up to and including pre-filing restrictions and dismissal of this action**.  A *pro se* litigant is permitted some latitude with his pleadings and their construction by the Court, but that is all. *Boswell v. Mayer*, 169 F.3 384, 387 (6th Cir. 1999).  *Pro se* litigants are not excluded from compliance with Court orders and rules.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  Nor are they excused from showing proper courtesy and respect to opposing counsel. *Gueye v. UC Health*, No. 1:13-cv-673, 014 U.S. Dist. LEIXS 141834, at *5 (S.D. Ohio Oct. 6, 2014).  Finally they do not have a free pass to bombard the Court and the opposing party with frivolous motion practice in lieu of meeting their obligations under the Court rules and the Federal Rules of Civil Procedure. *Id*.

For all of these reasons, Defendant's Motion to Compel Discovery and to Extend Scheduling Order Dates will be granted.

## VI.   **CONCLUSION**

Plaintiff's Motions to Amend the Complaint [ECF Nos. 66, 71, 75, 77] are DENIED.

Plaintiff's Motion for Voluntary Dismissal of the Individual Defendants [ECF No. 65] is DENIED as moot.

Plaintiff's Motion to Clarify the Court's November 7, 2024 Order [ECF No. 67] is DENIED.

Plaintiff's Motion Challenging MDCR's Decision to Dismiss as Invalid [ECF No. 68] is DENIED.

Plaintiff's Motion for Discovery Assistance [ECF No. 69] is DENIED.

Plaintiff's Motion to Withdraw [ECF No. 70] is GRANTED.

Plaintiff's Motions for Reconsideration and Motion to Correct the Record [ECF No. 57, 72 and 76] are DENIED.

Plaintiff's Motion to Enforce Court Rules and Compel Compliance with Court Procedure [ECF No. 83] is DENIED.

Plaintiff's Motions to Change Venue [ECF Nos. 84, 86 and 89] are
DENIED.

Defendants' Motion to Compel Discovery and to Extend Scheduling Order
Dates [#91] is GRANTED.

Plaintiff SHALL serve Defendant Crystal Flash with his Initial Disclosures,
Witness Lists, and Exhibits Lists **no later than September 9, 2025**.

Plaintiff SHALL respond to Defendant Crystal Flash's First Interrogatories
and Requests for Production **no later than September 16, 2025**.

Plaintiff SHALL appear for his deposition **no later than October 30, 2025**.

The parties SHALL appear for an in-person Status Conference on
**November 6, 2025 at 11:00 a.m**.

The following dates shall govern in this matter:[1]

| Dispositive motions due: | November 21, 2025 |
|---|---|
| Settlement Conference with Magistrate Judge Kimberly Altman: | January of 2026 |
| Motions *in* Limine due: | January 6, 2026 |
| Final Pretrial Order due: | January 6, 2026 |
| Final Pretrial Conference: | January 13, 2026 at 2:00 p.m. |
| Jury Trial: | January 27, 2026 at 9:00 a.m. |
| Length of Trial | Unknown |

SO ORDERED.

[1] The practices and procedures set forth in ECF No. 46, PageID.592-595 continue to apply in these proceedings.

Dated:  August 26, 2025                    /s/Gershwin A. Drain
                                           GERSHWIN A. DRAIN
                                           United States District Judge


## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 26, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager