UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DEAN WILLIAMS,

      Plaintiff,

v.

      Case No.: 24-11640
      Hon. Gershwin A. Drain

CRYSTAL FLASH CO.,

      Defendant.

_____/

### ORDER GRANTING DEFENDANT'S ORAL MOTION TO DISMISS AND DISMISSING ACTION WITH PREJUDICE PURSUANT TO RULE 37(b)(2)(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff filed his Complaint on June 25, 2024, alleging claims under the Eighth and Fourteenth Amendments, Title VII of the Civil Rights Act of 1964, and criminal conspiracy under 18 U.S.C. § 241. ECF No. 1. The Court dismissed Plaintiff's claims under the Eighth and Fourteenth Amendments *sua sponte* on July 25, 2024 because Plaintiff failed to establish that Crystal Flash was a state actor. ECF No. 9, PageID.123-125. The Court further dismissed Plaintiff's claim of criminal conspiracy because 18 U.S.C. § 241 is a criminal provision that does not create a private cause of action for individuals to seek civil remedies. *Id.*, PageID.126.

1

Plaintiff, proceeding *pro se*, filed a flurry of motions after the Court's July 25, 2024 Opinion and Order of Partial Summary Dismissal, including two motions for summary judgment. *See* ECF Nos. 12, 14, 21, 27, 29, 30, 33. This Court disposed of those motions on November 7, 2024. ECF No. 41.

On November 6, 2024, the parties appeared for a status conference, and Plaintiff was referred to the Federal Pro Se Legal Assistance Clinic. ECF No. 45, PageID.587. The Court set a scheduling conference for November 20, 2024, and advised the parties to work together to craft a Rule 26 discovery plan. *Id*. Plaintiff refused to engage with Defendants' counsel on the discovery plan. *Id.*, PageID.588. Plaintiff further failed to appear for the scheduling conference on November 20, 2024. *Id.* Plaintiff also refused to accept the Federal Pro Se Clinic's assistance. *Id*.

Instead, Plaintiff filed a motion for the appointment of counsel, which the Court denied. ECF No. 48. Plaintiff sought to appeal this decision, and the Sixth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction. ECF Nos. 51 and 58. Nevertheless, Plaintiff has continued to file pleadings in the appellate court, and the appellate court has continued to deny them. ECF Nos. 60, 63, 73 and 80.

On August 26, 2025, this Court ruled on fifteen motions filed by Plaintiff and one filed by Defendants. ECF No. 95. In a 19-page opinion, this Court addressed each of Plaintiff's motions. Among other things, the court noted that

Plaintiff had not served his Initial Disclosures, Witness or Exhibits Lists and had refused to schedule his deposition, in violation of the court's November 21, 2024 Scheduling Order. ECF No. 95, PageID.1270. The court warned Plaintiff: "This is Plaintiff's final warning. Failure to comply with this Court's Orders will result in the imposition of sanctions, up to and including pre-filing restrictions and dismissal of this action." ECF No. 95, PageID.1282. The court then issued a new Scheduling Order.

On November 6, 2025, this Court held a status conference. Plaintiff failed to appear for the status conference once again. At the conference, Defendant's counsel confirmed that Plaintiff has not complied with this Court's August 26, 2025 Order. He has not served his Initial Disclosures or Witness Lists. Nor has he responded to Defendant's discovery requests. Counsel for Defendant orally moved for dismissal of this action at the conference. The Court granted Defendant's oral motion. Since the filing of his Complaint, Plaintiff has repeatedly delayed the case's progress, including by filing meritless and dilatory motions. Indeed, continuing to clog this court's docket with a case that has made no progress due to Plaintiff's refusal to abide by any court order or the federal court rules flies in the face of judicial economy.

Federal Rule of Civil Procedure 37 explicitly authorizes the imposition of sanctions for a party's failure to comply with a court order. When a party

3

repeatedly misses deadlines and willfully fails to comply with the orders of this Court, this Court has the discretion to dismiss that party's claims or defenses. *See, e.g., Mager v. Wisconsin Central Ltd.*, 924 F.3d 831, 837-40 (6th Cir. 2019).  This Court has specifically warned Plaintiff that failure to comply with this Court's orders may result in the imposition of sanctions, up to and including dismissal of this action and the imposition of attorney's fees. ECF No. 45, PageID.589; ECF No. 95, PageID.1282.  Plaintiff has continued to defy this Court's orders. The Court will therefore impose sanctions against Plaintiff, including dismissal of this action and the imposition of attorney's fees and costs incurred as a result of Plaintiff's dilatory and abusive litigation practices.

Accordingly, this cause of action is DISMISSED WITH PREJUDICE. **Plaintiff SHALL SHOW CAUSE in writing, no later than December 9, 2025**, why the Court should not enter sanctions against Plaintiff in the amount of defense counsel's costs and attorney's fees incurred since November 21, 2024, when Plaintiff was first warned that failure to appear as noticed and failure to comply with this Court's orders may result in the imposition of sanctions.

SO ORDERED.

Dated:  November 26, 2025                          /s/Gershwin A. Drain
                                                   GERSHWIN A. DRAIN
                                                   United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 26, 2025, by electronic and/or ordinary mail.
/s/ Kourtney Collins
Case Manager